

1  Scott J. Ferrell, Bar No. 202091
   David R. Sugden, Bar No. 218465
2  Julie R. Trotter, Bar No. 209675
   CALL, JENSEN & FERRELL
3  A Professional Corporation
   610 Newport Center Drive, Suite 700
4  Newport Beach, CA 92660
   (949) 717-3000
5

6  Attorneys for Plaintiff

7

ORIGINAL
FILED

07 DEC 19  PM 12: 03

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

ADR

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT, SAN JOSE BRANCH OF CALIFORNIA

10  CHEVRON INTELLECTUAL PROPERTY LLC     Case No.
    and CHEVRON U.S.A. INC.,
11                                        C07  06407  WDB
              Plaintiffs,
12                                        COMPLAINT FOR TRADEMARK
        vs.                               INFRINGEMENT; TRADEMARK
13                                        COUNTERFEITING; TRADEMARK
    THOMAS CUTHBERTSON, individually and  DILUTION; TRADE DRESS
14  doing business as HOMESTEAD AUTO WASH, INFRINGEMENT; UNFAIR
    MARY MARCHESE, an individual,         COMPETITION; AND UNJUST
15  CHRISTOPHER MARCHESE JR., an individual, ENRICHMENT
    AND DOES 1-50 INCLUSIVE,
16                                        DEMAND FOR JURY TRIAL
              Defendants.
17

18                                        Complaint Filed:   None Set
                                          Trial Date:        None Set
19

20      This is an action for federal trademark counterfeiting, trademark infringement, trademark

21  dilution, and unfair competition under the Lanham Act (15 U.S.C. § 1051, et seq.); and for unfair

22  competition, unfair trade practices, and dilution under California statutory and common law.

23  Plaintiffs, Chevron Intellectual Property LLC and Chevron U.S.A. Inc., are seeking a permanent

24  injunction, damages, profits, treble damages or profits, attorneys' fees, costs, and other appropriate

25  relief. Plaintiffs, appearing through their undersigned counsel, allege as follows:

26                              **JURISDICTION**

27      1.    This Court is vested with jurisdiction over the parties and the subject matter of the

28  action under 15 U.S.C. § 1121, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13;331602_1;12-14-07                    - 1 -
        COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING; TRADEMARK
        DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

2.    This Court has supplemental jurisdiction over the claims in this Complaint which arise under the statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## VENUE

3.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b).    The acts of infringement that are the subject of this litigation occurred and are occurring in the Northern District of California; the claims alleged in this action arose in the Northern District of California; and victims of Defendants' infringing activities may be found in the Northern District of California.

## PARTIES

4.    Plaintiff Chevron Intellectual Property LLC is a Delaware limited liability company, with a principal place of business at 6001 Bollinger Canyon Road, San Ramon, California 94583.

5.    Plaintiff Chevron U.S.A. Inc. is a Pennsylvania corporation, with a principal place of business at 6001 Bollinger Canyon Road, San Ramon, California 94583.

6.    On information and belief Defendant Thomas Cuthbertson is an individual residing in California and is conducting business under the fictitious business name, Homestead Auto Wash. Homestead Auto Wash is an automobile gasoline service station and car wash doing business in California and located at 3500 Homestead Road, Santa Clara, CA  95051.  On information and belief, the products and/or services being sold under the infringing trademarks and/or trade dress in this action are being sold and/or distributed at 3500 Homestead Road, Santa Clara, CA  95051.

8.    On information and belief Mary Marchese is an individual residing in the State of California and is the owner or co-owner of a parcel of land located at 3500 Homestead Road, Santa Clara, CA  95051 that is occupied or has been occupied by Homestead Auto Wash. On information and belief, the products and/or services being sold under the infringing trademarks and/or trade dress

**CALL, JENSEN &**
**FERRELL**
**A PROFESSIONAL**
**CORPORATION**

CHE03-13:331602_1:12-18-07                                        - 2 -

COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

1    in this action are being sold and/or distributed at 3500 Homestead Road, Santa Clara, CA 95051 and

2    Mary Marchese leases said premises to Homestead Auto Wash.

3

4        9.    On information and belief Christopher Marchese, Jr. is an individual residing in the

5    State of California and is the owner or co-owner of a parcel of land located at 3500 Homestead Road,

6    Santa Clara, CA 95051 that is occupied or has been occupied by Homestead Auto Wash. On

7    information and belief, the products and/or services being sold under the infringing trademarks and/or

8    trade dress in this action are being sold and/or distributed at 3500 Homestead Road, Santa Clara, CA

9    95051 and Christopher Marchese leases said premises to Homestead Auto Wash.

10

11        10.    Chevron does not know the true names or capacities of the persons or entities sued

12    herein as DOES 1 to 50, inclusive, and therefore sues such defendants by such fictitious names.

13    Chevron is informed and believes and thereon alleges that each of the DOE defendants is in some

14    manner legally responsible for the damages suffered by Chevron as alleged herein. Chevron will

15    amend this complaint to set forth the true names and capacities of these defendants when they have

16    been ascertained, along with appropriate charging allegations, as may be necessary.

17

18        11.    Hereinafter, Defendant Mary Marchese, Defendant Christopher Marchese, and

19    Defendant Thomas Cuthbertson and DOES 1-50 inclusive will be collectively referred to as

20    "Defendants."

21

22    ## CHEVRON'S BUSINESS

23        12.    In 2001, Chevron merged with Texaco Inc. and thereby acquired ownership of the

24    Texaco brand, including its federally registered trademark registrations (the "Texaco Marks"). Within

25    the Chevron corporate family, Chevron Intellectual Property LLC is the owner of, and Chevron U.S.A.

26    Inc. is the primary licensee of, among others, the following federally registered Texaco Marks:

27        **TEXACO**, U.S. Trademark Registration No. 794,947, registered August 24,

28        1965, for "gas station services;"

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07    - 3 -

COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

1   **TEXACO**, U.S. Trademark Registration No. 1,209,440, registered September
2   21, 1982, for "motor and aviation gasolines, jet fuels, diesel fuels, kerosenes,
3   fuel oils, home heating oils, lubricating oils and greases;"
4   **Star T Design**, U.S. Trademark Registration No. 1,315,019, registered
5   January 15, 1985, for "gas station services;"
6   **Star T Design**, U.S. Trademark Registration No. 1,222,305, registered
7   January 4, 1983, for "gasoline;"
8   **TEXACO and Star T Design**, U.S. Trademark Registration No. 1,315,020,
9   registered January 15, 1985, for "gas station services;"
10  **TEXACO and Star T Design**, U.S. Trademark Registration No. 1,222,306,
11  registered January 4, 1983, for "gasoline;"
12  **Service Station Canopy Design**, U.S. Trademark Registration No. 2,259,016,
13  registered July 6, 1999, for "gas station services;"
14  **Gasoline Pump Design**, U.S. Trademark Registration No. 2,251,166,
15  registered June 8, 1999, for "gas station services;" and
16  **Building Design**, U.S. Trademark Registration No. 2,264,612, registered July
17  27, 1999, for "automobile service, station services; automotive maintenance
18  and repair services; automotive lubrication and oil change services."

20      13.     These Registrations are valid, subsisting, and have been registered for over five years
21  and/or are incontestable pursuant to 15 U.S.C. § 1065. (See Exhibits 1 through 9, which are certified
22  copies of the above nine Registrations.) Chevron is the owner of 27 other federal registrations for
23  trademarks and/or service marks consisting of or comprising the mark TEXACO.

25      14.     Chevron has also used extensively for many years and acquired exclusive common law
26  rights in the designations **POWER PLUS** and **POWER PREMIUM** for its gasolines. These marks
27  are also part of the Texaco Marks.

28  /// 

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                          - 4 -

COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

15.    For many years now, licensee Chevron U.S.A. Inc. and its predecessor Texaco Inc. have been engaged in the operation of TEXACO-brand gasoline service stations. Since the merger between the Chevron and Texaco companies in 2001, Chevron has owned the Texaco Marks comprising the TEXACO and Star T Design trademarks and all related word marks, logos, and pump, canopy and building color designs and patterns that comprise a TEXACO brand service facility. For a period of time after the 2001 merger, Chevron licensed the use of the Texaco Marks through Shell Oil Company and other related companies. On June 30, 2006, those licensing arrangements terminated such that Shell and other companies were no longer involved in the licensing of the Texaco Marks.

16.    Chevron's authorized TEXACO-branded stations provide gasoline and petroleum products to the owners of cars, SUVs, light trucks, and other motor vehicles. Chevron's authorized TEXACO-branded stations sell TEXACO brand gasoline. Many of the stations also provide vehicle maintenance services, vehicle tune-up services, oil change services, car wash services, and/or retail convenience store services. There are over 2,400 TEXACO-branded stations nationwide licensed under the federally registered Texaco Marks and the trademarks and/or unique station appearance shown in those registrations.

17.    Chevron's TEXACO mark for gasoline, gas station services and related goods and services has been in use since at least as early as 1911. Chevron has expended large sums of money over many years in the advertising of goods and services under its TEXACO mark throughout the United States, including California. As a result of this long term use of the TEXACO mark, this mark has become well known to the trade and the general public throughout the United States, and Chevron has established extensive goodwill and public recognition in and to the inherently distinctive TEXACO mark as an exclusive identification of the goods and services of Chevron. The TEXACO mark has also become famous.

/ / /

/ / /

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                                    - 5 -
COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

18.    Chevron has used some variation of a Star Design mark since at least as early as 1903. The current version of this mark, the Star T Design mark, has been in continuous use, both alone and in combination with the TEXACO mark, since at least as early as 1981. As a result of Chevron's longstanding use of the Star T Design mark and related Star Design marks, this mark has become well known to the trade and the general public throughout the United States, and Chevron has established extensive goodwill and public recognition in and to the inherently distinctive Star T Design mark as an exclusive identification of the services of Chevron. The Star T Design mark has also become famous.

19.    Licensed TEXACO-branded service station facilities are authorized to use and prominently display exterior and interior signage that bear Chevron's registered TEXACO and Star T Design trademarks. These licensed facilities typically also use and display additional materials including banners, posters, mats, stationery, clocks, and business cards that bear the Texaco Marks.

20.    The buildings and premises of many licensed TEXACO-branded facilities often also have a distinctive and proprietary exterior appearance unique to TEXACO-brand facilities. This distinctive appearance comprises some or all of the following elements: i) (building) a pattern of red and black building fascia, in combination with silver and dark gray, and the Star T Design mark on the fascia; ii) (canopy) a rigid weather canopy over the gasoline pumps with a black background and red border along the bottom edge of the side of the canopy, the TEXACO and Star T Design marks on the canopy, a series of vertical red lines forming a gradient design along the canopy, and gray poles supporting the canopy; and iii) (pumps) red and black gasoline pumps. (See Exhibits 7, 8 and 9 to this Complaint). These distinctive elements are federally protected and covered by U.S. Registration Nos. 2,259,016; 2,251,166; and 2,264,612.

21.    Authorized TEXACO-branded facilities have displayed this distinctive exterior trade dress since at least as early as 1981. As a result of this long term use of the TEXACO exterior trade dress, the trade dress has become well known to the trade and the general public throughout the United

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                                     - 6 -
COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

1  States, and Chevron has established extensive goodwill and public recognition in and to the distinctive

2  exterior trade dress as an identification of Chevron's goods and services.

### DEFENDANTS' IMPROPER CONDUCT

5  22.    Upon information and belief, Defendants once operated as a licensed, authorized

6  TEXACO-branded service station and sold authentic TEXACO brand gasoline and related products.

7  On information and belief, over that time Defendants serviced many thousands of vehicles under one

8  or more of Chevron's Texaco Marks. At least by June 30, 2006, Defendants were no longer selling or

9  supplying authentic TEXACO brand gasoline or products and were no longer an authorized licensee of

10  Chevron's Texaco Marks comprising the TEXACO and Star T Design marks and Chevron's

11  distinctive exterior trade dress. After June 30, 2006 Defendants were obligated to fully remove the

12  Texaco Marks from their facility and property, however, Defendants have refused to remove the

13  Texaco Marks at their facility.

15  23.    As a result, Defendants are continuing to falsely operate their facility as a TEXACO-

16  branded facility and sell non-authentic gasoline falsely as a TEXACO product, all without

17  authorization or license from Chevron.

19  24.    Defendants have continued to display and use the infringing signage on their property

20  and at their business located at 3500 Homestead Road, Santa Clara, CA 95051. On information and

21  belief, the products and/or services being sold under the infringing trademarks and/or trade dress in

22  this action are being sold and/or distributed at 3500 Homestead Road, Santa Clara, CA 95051 since

23  after June 30, 2006. In addition, since Defendants are no longer selling TEXACO brand gasoline,

24  Defendants are falsely creating the impression, through the use of the Texaco Marks, that their

25  gasoline is TEXACO brand gasoline and thereby deceiving and defrauding customers. Defendants'

26  improper conduct includes use of the Texaco Marks as displayed below:

27  ///

28  ///

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                          - 7 -

COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28



CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07            - 8 -

COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07

COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

22.    Defendants are not licensed, authorized or otherwise permitted by Chevron to use or otherwise display the TEXACO name or mark, the Star T Design mark, Chevron's distinctive exterior trade dress, and/or any other marks or designations of Chevron, in such a way as to suggest an affiliation, sponsorship, license, connection, or other association with Chevron.

## EFFECT OF DEFENDANTS' ACTIVITIES ON CHEVRON
## AND THE CONSUMING PUBLIC

23.    Defendants' past and continuing unauthorized use of Chevron's Texaco Marks is likely to cause confusion, mistake, and/or deceive customers and potential customers of the respective parties, as to some presumed but nonexistent affiliation, connection, sponsorship, and/or association of Defendants with Chevron, and/or as to the origin, sponsorship, or approval of Defendants' products and services by Chevron.

24.    Defendants' unauthorized use of Chevron's Texaco Marks suggests to the purchasing public that Defendants, their products and services originate with Chevron, and/or are affiliated, connected, or associated with Chevron, or are sponsored, endorsed, or approved by Chevron, when in fact they are not.

25.    Defendants' unauthorized use of Chevron's Texaco Marks falsely designates the origin of Defendants' products and services, and falsely and misleadingly describes and represents with respect to Defendants and their products and services.

26.    Defendants' unauthorized use of Chevron's Texaco Marks enables the Defendants to call attention to their business and products and services, and to trade on and receive the benefit of the goodwill built up at great labor and expense over many, many years by Chevron and its predecessor Texaco, and to gain acceptance for their products and services not on their own merits, but as a free ride on the reputation and goodwill of Chevron and its well known and valuable marks.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                                    - 11 -
COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

27.    Defendants are being unjustly enriched at the expense of Chevron and Chevron's licensees by Defendants' unauthorized use of Chevron's Texaco Marks.

28.    Defendants' unauthorized use of Chevron's Texaco Marks places the valuable reputation and goodwill of Chevron's trademarks improperly in the hands of Defendants.

29.    Defendants' ongoing unauthorized use of Chevron's Texaco Marks as still in use and prominently displayed at a non-licensed facility is falsely promoting that facility and property as still being affiliated with Chevron and damaging Chevron's goodwill by falsely associating Chevron with that unlicensed facility.

30.    Unless this Court restrains these acts of Defendants, they will continue to cause irreparable injury to Chevron and to the public, for which there is no adequate remedy at law.

## COUNT I
### (Infringement of Federally Registered Trademarks)
### (15 U.S.C. § 1114)

31.    Chevron repeats, reiterates, and realleges paragraphs 1 through 30 above, as if fully set forth herein.

32.    Defendants are marketing, offering for sale, and selling into interstate commerce gasoline and related gas station services and other automotive-related services and products in association with their unauthorized use of Chevron's Texaco Marks.

33.    Defendants have infringed and continue to infringe Chevron's federally registered Texaco Marks set forth above under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34.    The use and display by Defendants of Chevron's Texaco Marks has caused and will continue to cause serious and irreparable injury to the reputation and goodwill of Chevron for which Chevron is without adequate remedy at law. Defendants' use of Chevron's Texaco Marks creates the

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                      - 12 -
COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

1  false and misleading impression that Defendants' goods are manufactured and/or distributed by

2  Chevron, are associated or connected with Chevron or have the sponsorship, approval or endorsement

3  of Chevron.

4

5      35.      Because of Defendants' infringement, Chevron has been injured and damaged, and is

6  entitled to recover damages, Defendants' profits, and costs pursuant to 15 U.S.C. § 1117.

7

8      36.      Defendants used and are using and displaying Chevron's Texaco Marks with full

9  knowledge of Chevron's rights, and in bad faith with willful and deliberate intent to trade on

10  Chevron's substantial recognition, reputation, and goodwill.    In view of the willful nature of

11  Defendants' infringement and unfair competition, this is an exceptional case within the meaning of 15

12  U.S.C. § 1117(a).

13                          **COUNT II**
                 **(Infringement of Trademark Rights)**
14                 **(15 U.S.C. § 1125(a)-(c))**

15      37.      Chevron repeats, reiterates, and realleges paragraphs 1 through 36 above, as if fully set

16  forth herein.

17

18      38.      Defendants are marketing, offering for sale, and selling into interstate commerce

19  gasoline and related gas station services and other automotive-related services and products in

20  association with their unauthorized use of Chevron's Texaco Marks.

21

22      39.      Such activity of Defendants misrepresents the nature, characteristics, or qualities of

23  Defendants' goods or services, and constitutes a false designation of origin, false or misleading

24  description or representation of fact, each of which is likely to cause confusion, mistake, or deception

25  among consumers that the Defendants' business is licensed, sponsored, approved, associated with, or

26  otherwise entitled to use Chevron's TEXACO, Star T Design, and/or trade dress marks, when, in fact,

27  Defendants have no authorization or permission from Chevron, and Defendants do not supply, sell or

28  dispense Chevron products.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                          - 13 -

COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

40.    The conduct of Defendants constitutes unfair competition, false advertising, false designation of origin, false description, and false representation that Defendants' facility and products are sponsored, approved, or authorized by Chevron, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.    As a result of the Defendants' activities, Chevron has lost sales and profits and has suffered and will continue to suffer irreparable injury to its business reputation and goodwill. Chevron's remedy at law is not by itself adequate to compensate it for injuries inflicted and threatened by Defendants.

42.    By reason of Defendants' acts of unfair competition, false designation, description, and representation described above, Chevron has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet fully ascertained.

43.    Defendants' acts of unfair competition, false designation, description, and representation are causing Chevron irreparable injury.  Defendants continue to commit such acts, and, unless restrained and enjoined, will continue to do so, to Chevron's irreparable injury.  Chevron's remedy at law is not adequate by itself to compensate it for injuries inflicted and threatened by Defendants.

44.    Because of Defendants' conduct in violation of Section 43(a), Chevron is being injured and damaged, and is entitled to recover damages, Defendants' profits, and costs pursuant to 15 U.S.C. § 1117.

45.    Defendants used and are using Chevron's Texaco Marks with full knowledge of Chevron's rights, and in bad faith with willful and deliberate intent to trade on Chevron's substantial

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                              - 14 -

COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

1  recognition, reputation, and goodwill.  In view of the willful nature of Defendants' infringement and

2  unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

3

4  **COUNT III**

   **(Infringement of Common Law Trademark Rights – Trade Dress)**

5  **(15 U.S.C. §1125(a))**

6      46.    Chevron repeats, reiterates, and realleges paragraphs 1 through 45 above, as if fully set

7  forth herein.

8

9      47.    Defendants are supplying, marketing, offering for sale, and selling into interstate

10  commerce gasoline service station and other automotive-related services and products from their

11  facility at 3500 Homestead Road, Santa Clara, CA  95051..  Defendants' building and/or overall

12  facility has an exterior trade dress which is confusingly similar to the distinctive exterior trade dress

13  used by Chevron's authorized TEXACO facilities and which is covered by one or more of Chevron's

14  trade dress marks.

15

16      48.    Defendants' use of an exterior trade dress similar to the distinctive trade dress used by

17  Chevron's TEXACO facilities is likely to cause confusion, mistake, or deception among consumers

18  and to cause consumers to mistakenly believe that Defendants' property and business is licensed,

19  sponsored, approved, or otherwise associated with Chevron.

20

21      49.    The conduct of Defendants constitutes trade dress infringement, false designation of

22  origin, unfair competition, and false representation that Defendants' services and products are

23  sponsored, approved, or authorized by Chevron, all in violation of Section 43(a) of the Lanham Act,

24  15 U.S.C. § 1125(a).

25

26      50.    As a result of the Defendants' activities, Chevron has lost sales and profits and has

27  suffered and will continue to suffer irreparable injury to its business reputation and goodwill.

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                                - 15 -
COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

1    Chevron's remedy at law is not by itself adequate to compensate it for injuries inflicted and threatened

2    by Defendants.

3

4        51.    By reason of Defendants' acts of false designation, description, and representation

5    described above, Chevron has suffered, and will continue to suffer, substantial damage to its business

6    reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet fully

7    ascertained.

8

9        52.    Defendants' acts of infringement, unfair competition, and false designation have caused

10   Chevron irreparable injury.  Defendants continue to commit such acts, and unless restrained and

11   enjoined, will continue to do so, to Chevron's irreparable injury.  Chevron's remedy at law is not

12   adequate by itself to compensate it for injuries inflicted and threatened by Defendants.

13

14       53.    Because of Defendants' conduct in violation of Section 43(a), Chevron has been injured

15   and damaged, and is entitled to recover damages, Defendants' profits, and costs pursuant to 15 U.S.C.

16   § 1117.

17

18       54.    Defendants are using Chevron's distinctive exterior trade dress with full knowledge of

19   Chevron's rights, and in bad faith with willful and deliberate intent to trade on Chevron's substantial

20   recognition, reputation, and goodwill.  In view of the willful nature of Defendants' infringement and

21   unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).]

22

23                                       **COUNT IV**
                          **(Trademark Dilution)**

24                           **(15 U.S.C. § 1125(c))**

25       55.    Chevron repeats, reiterates, and realleges paragraphs 1 through 54 above, as if fully set

26   forth herein.

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07            - 16 -
COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

56.     Chevron has used its TEXACO mark for over 90 years. Chevron has used its present Star T Design Mark for over 25 years and began using similar versions of the Star T Design mark in 1903. Chevron has spent hundreds of millions of dollars promoting and advertising its products and services bearing Chevron's TEXACO and Star T Design marks for many years on a nationwide basis. Chevron's TEXACO and Star T Design marks have also received significant unsolicited media coverage. As a result of the foregoing, Chevron's TEXACO and Star T Design marks are famous.

57.     Chevron's TEXACO and Star T Design marks became famous long before Defendants' first unauthorized use and display of Chevron's TEXACO and Star T Design marks in 2006.

58.     Defendants' unauthorized use of Chevron's TEXACO and Star T Design marks, without license or permission from Chevron, has blurred and is likely to continue to blur the distinctive quality of Chevron's TEXACO and Star T Design marks.

59.     Defendants' unauthorized use of Chevron's TEXACO and Star T Design marks, in connection with goods and services of a lower quality than customers are accustomed to receiving from authorized TEXACO stations has tarnished and is likely to continue to tarnish the distinctive quality of Chevron's TEXACO and Star T Design marks.

60.     Defendants' use of the TEXACO and Star T Design trademarks, without license or permission from Chevron, has caused dilution of Chevron's TEXACO and Star T Design marks and is likely to continue to cause dilution of Chevron's TEXACO and Star T Design marks pursuant to 15 U.S.C. § 1125(c).

61.     Defendants' dilution of Chevron's trademarks has been willful and has caused and will continue to cause serious and irreparable injury to the reputation and goodwill of Chevron for which Chevron is without adequate remedy at law.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                              - 17 -
COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

## COUNT V
### (Trademark Counterfeiting)
### (15 U.S.C. § 1114(1)(a))

62.     Chevron repeats, reiterates, and realleges paragraphs 1 through 61 above, as if fully set forth herein.

63.     Defendants are infringing Chevron's federally registered trademarks through their use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the TEXACO and Star T Design marks, and/or other Texaco Marks, in the connection with the sale, offering for sale, marketing, distribution, or advertising of gas station services and related automotive services and products, with such use being likely to cause confusion, to cause mistake, or to deceive the public.

64.     Defendants are intentionally using the TEXACO and Star T Design marks, and/or other Texaco Marks, knowing the marks are counterfeit.  Defendants are intentionally infringing upon Chevron's trademark rights in order to further their own business enterprise.

65.     Because of Defendants' intentional use of counterfeit marks, Chevron is being injured and damaged, and is entitled to recover costs, treble damages or profits, whichever is greater, and reasonable attorneys' fees under 15 U.S.C. § 1117(b).

66.     The counterfeiting by Defendants of Chevron's trademarks has caused and will continue to cause serious and irreparable injury to the reputation and goodwill of Chevron for which Chevron is without adequate remedy at law.

## COUNT VI
### (Violation of California Business and Professions
### Code Section 17200 -- Unfair Competition)

67.     Chevron repeats, reiterates, and realleges paragraphs 1 through 66 above, as if fully set forth herein.

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                    - 18 -

COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

68.    Defendants' aforesaid conduct constitutes unfair, unlawful, and fraudulent business practices in violation of California's Business & Professions Code § 17200 et seq.

69.    The acts and conduct of Defendants alleged herein are likely to cause confusion in the trade as to the source of Defendants' goods and services and are likely to lead the public to mistakenly believe that Defendants are in some way connected with Chevron.

70.    These wrongful acts of Defendants have proximately caused and will continue to cause Chevron substantial injury, including loss of customers, dilution of its goodwill, confusion for potential customers, injury to its reputation, and diminution in value of its trademarks and trade dress. These actions will cause imminent irreparable harm and injury to Chevron, the amount of which will be difficult to ascertain, if they continue. Chevron is without an adequate remedy at law.

71.    As a direct and proximate result of the Defendants' unfair competitive acts, Chevron has been injured and damaged, and is entitled to injunctive relief and to recover actual damages, costs, and reasonable attorneys' fees. Chevron is also entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful acts as hereinabove alleged. Chevron is unable to ascertain at this time the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid unlawful conduct.

## <u>COUNT VI</u>
### (Violation of California's Common Law of Unfair Competition)

72.    Chevron repeats, reiterates, and realleges paragraphs 1 through 71 above, as if fully set forth herein.

/ / /

/ / /

/ / /

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                    - 19 -

COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

73.    The acts and conduct of Defendants alleged herein are likely to cause confusion in the trade as to the source of Defendants' goods and services and are likely to lead the public to mistakenly believe that Defendants are in some way connected with Chevron.

74.    Defendants' actions constitute intentional and willful unfair competition and palming off in violation of the common law of California. As set forth more fully above, Chevron has invested a substantial amount of time, skill and money in its product and developing its TEXACO marks. Defendants' acts and conduct in palming off the TEXACO marks were done without the authorization or consent of Chevron at little or no cost to Defendant.

75.    The intentional and willful unfair competition and palming off by Defendants have caused and will continue to cause serious and irreparable injury to the reputation and goodwill of Chevron for which Chevron is without adequate remedy at law.

76.    As a direct and proximate result of the Defendants' unfair competitive acts, Chevron has been injured and damaged, and is entitled to injunctive relief and to recover actual damages, costs, and reasonable attorneys' fees.

77.    Defendant's conduct was fraudulent, oppressive, malicious, and in conscious disregard of the rights of Chevron, and Chevron is therefore entitled to punitive damages against them.

## COUNT VIII
### (Unjust Enrichment)

78.    Chevron repeats, reiterates, and realleges paragraphs 1 through 77 above, as if fully set forth herein.

79.    The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of Chevron.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                    - 20 -
COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

1    WHEREFORE, Chevron prays for the following relief:

2    a.    That this Court grant a permanent injunction pursuant to the powers granted it under 15

3    U.S.C. § 1116 and at common law, enjoining and restraining Defendants and their principals, agents,

4    servants, and employees directly or indirectly (i) from using or displaying any of Chevron's Texaco

5    Marks or any similar variations thereof (including, but not limited to, all of Defendants' exterior and

6    interior signage, building fascia appearance, canopies, pumps, clocks, banners and labeling, trade

7    names, advertising, invoices, stationery, directory listings, domain names, websites, Internet metatags,

8    keywords for Internet search engines, postURL or forwarding commands, hyperlinks, and any other

9    electronic coding and search terms), and (ii) from continuing any and all acts of deception, conspiracy,

10    or unfair competition as alleged herein;

11    b.    That this Court, pursuant to the powers granted it under 15 U.S.C. § 1116(d), issue an

12    order pursuant to 15 U.S.C. § 1116(a) providing for the seizure and removal from their premises of all

13    Defendants' signage, property and goods bearing counterfeit trademarks, the means of making such

14    marks and records documenting the manufacture, sale, or receipt of things involved in such violation;

15    c.    That this Court, pursuant to the powers granted it under 15 U.S.C. § 1117(b), award to

16    Chevron and against Defendants, treble damages or profits, whichever is greater, and reasonable

17    attorneys' fees because there has been intentional use of counterfeit marks or designations;

18    d.    That this Court, pursuant to the powers granted it under 15 U.S.C. § 1117, award to

19    Chevron and against Defendants, damages, profits, and costs;

20    e.    That this Court, pursuant to the powers granted it under 15 U.S.C. § 1117, award to

21    Chevron and against Defendants, Chevron's reasonable attorneys' fees because this is an exceptional

22    case;

23    f.    That this Court, pursuant to the powers granted it under 15 U.S.C. § 1118 and at

24    common law, order that all merchandise, labels, banners, signs, clocks, prints, packages, wrappers,

25    receptacles, advertisements, and any other tangible items in the possession of Defendants bearing any

26    of Chevron's Texaco Marks, or trademarks confusingly similar thereto, shall be delivered up and

27    destroyed;

28    / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

CHE03-13:331602_1:12-18-07                - 21 -

COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

1        g.    That the Court award punitive and exemplary damages against Defendants and in favor

2    of Chevron by reason of Defendants' intentional or reckless disregard for Chevron's rights and the

3    rights of those defrauded;

4        h.    That costs of this action be awarded to Chevron; and

5        i.    That the Court grant such other and further relief as it deems just and reasonable.

6

7    Dated:  December 18, 2007          CALL, JENSEN & FERRELL

8                             A Professional Corporation
                              Scott J. Ferrell

9                             Julie R. Trotter

10                            By: _____
                                 Scott J. Ferrell

11

12                            Attorneys for Plaintiffs Chevron Intellectual Property
                              LLC and Chevron U.S.A. Inc.

13

14                            **DEMAND FOR JURY TRIAL**

15       Plaintiffs hereby demand a jury trial pursuant to Federal Rule of Civil Procedure 38(b) on all

16   issues raised in this action.

17

18   Dated:  December 18, 2007          CALL, JENSEN & FERRELL
                              A Professional Corporation

19                            Scott J. Ferrell
                              Julie R. Trotter

20

21                            By: _____

22                               Scott J. Ferrell

23                            Attorneys for Plaintiffs Chevron Intellectual Property
                              LLC and Chevron U.S.A. Inc

24

25

26

27

28

COMPLAINT FOR TRADEMARK INFRINGEMENT; TRADEMARK COUNTERFEITING;TRADEMARK
DILUTION; TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION; AND UNJUST ENRICHMENT

# United States Patent Office

794,947
Registered Aug. 24, 1965

## PRINCIPAL REGISTER
### Service Mark

Ser. No. 197,441, filed July 8, 1964

## TEXACO

Texaco Inc. (Delaware corporation)
135 E. 42nd St.
New York, N.Y.

For: GAS STATION SERVICES, in CLASS 103.
First use 1911; in commerce 1911.
Owner of Reg. Nos. 300,073, 775,231, and others.

**EXHIBIT 1**

Int. Cl.: 4

Prior U.S. Cl.: 15

## United States Patent and Trademark Office

Reg. No. 1,209,440
Registered Sep. 21, 1982

### TRADEMARK
### Principal Register

## TEXACO

Texaco Inc. (Delaware corporation)
2000 Westchester Ave.
White Plains, N.Y. 10650

For: MOTOR AND AVIATION GASOLINES, JET FUELS, DIESEL FUELS, KEROSINES, FUEL OILS, HOME HEATING OILS, LUBRICATING OILS AND GREASES, in CLASS 4 (U.S. Cl. 15).

First use 1908; in commerce 1908.

Owner of U.S. Reg. Nos. 57,902, 812,793 and others.

Ser. No. 333,228, filed Oct. 19, 1981.

ROBERT M. ANDERSON, Primary Examiner

EXHIBIT 2

Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**

Reg. No. 1,315,019
Registered Jan. 15, 1985

**SERVICE MARK**
Principal Register



Texaco Inc. (Delaware corporation)
2000 Westchester Ave.
White Plains, N.Y. 10650

For: GAS STATION SERVICES, in CLASS 37
(U.S. Cl. 103).
First use Oct. 1, 1981; in commerce Oct. 1, 1981.
Owner of U.S. Reg. Nos. 1,222,303 and 1,222,305.

Ser. No. 473,796, filed Apr. 4, 1984.

SALLY BETH BERGER, Examining Attorney

**EXHIBIT 3**

Int. Cl.: 4

Prior U.S. Cl.: 15

## United States Patent and Trademark Office

Reg. No. 1,222,305
Registered Jan. 4, 1983

### TRADEMARK
Principal Register



Texaco Inc. (Delaware corporation)
2000 Westchester Ave.
White Plains, N.Y. 10650

For: GASOLINE, in CLASS 4 (U.S. Cl. 15).
First use Oct. 1, 1981; in commerce Oct. 1, 1981.
Owner of U.S. Reg. Nos. 76,131, 1,168,864 and
others.

Ser. No. 342,674, filed Dec. 21, 1981.

PAUL F. GAST, Examining Attorney

EXHIBIT 4



N° 1315020

# THE UNITED STATES OF AMERICA

### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

#### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this fifteenth day of January, 1985.

COMMISSIONER OF PATENTS AND TRADEMARKS

**EXHIBIT 5**

Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**

Reg. No. 1,315,020
Registered Jan. 15, 1985

## SERVICE MARK
### Principal Register



**TEXACO**

Texaco Inc. (Delaware corporation)
2000 Westchester Ave.
White Plains, N.Y. 10650

For: GAS STATION SERVICES, in CLASS 37
(U.S. Cl. 105).
First use Oct. 1, 1981; in commerce Oct. 1, 1981.
Owner of U.S. Reg. Nos. 1,222,304 and 1,222,306.

Ser. No. 473,797, filed Apr. 4, 1984.

SALLY BETH BERGER, Examining Attorney



Nº 1222306

# THE UNITED STATES OF AMERICA

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,.

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks;

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this fourth day of January, 1983.

COMMISSIONER OF PATENTS AND TRADEMARKS

EXHIBIT 6



Int. Cl.: 4

Prior U.S. Cl.: 15

Reg. No. 1,222,306

**United States Patent and Trademark Office**    Registered Jan. 4, 1983

TRADEMARK
Principal Register



Texaco Inc. (Delaware corporation)    Ser. No. 342,575, filed Dec. 21, 1981.
2000 Westchester Ave.
White Plains, N.Y. 10650

Int. Cl.: 37

Prior U.S. Cls.: 100, 103 and 106

Reg. No. 2,259,016

## United States Patent and Trademark Office

Registered July 6, 1999

## SERVICE MARK
## PRINCIPAL REGISTER



TEXACO INC. (DELAWARE CORPORATION)
2000 WESTCHESTER AVENUE
WHITE PLAINS, NY 10650

FOR: GAS STATION SERVICES, IN CLASS
37 (U.S. CLS. 100, 103 AND 106).
FIRST USE 3-9-1996; IN COMMERCE
3-9-1996.
OWNER OF U.S. REG. NOS. 1,222,305, 1,315,019
AND OTHERS.
THE DRAWING IS LINED FOR THE
COLORS RED AND GRAY.

THE MARK CONSISTS OF A RED AND
BLACK GASOLINE SERVICE STATION
CANOPY WITH GRAY POLES. THE DOTTED
OUTLINE OF THE CANOPY AND THE POLES
IS NOT PART OF THE MARK BUT IS MERELY
INTENDED TO SHOW THE POSITION OF THE
MARK.

SER. NO. 75-422,677, FILED 1-26-1998.

KENNETH D. BATTLE, EXAMINING ATTOR-
NEY

**EXHIBIT 7**

Int. Cl.: 37

Prior U.S. Cls.: 100, 103 and 106

Reg. No. 2,251,166

**United States Patent and Trademark Office**     Registered June 8, 1999

## SERVICE MARK
### PRINCIPAL REGISTER



TEXACO INC. (DELAWARE CORPORATION)
2000 WESTCHESTER AVENUE
WHITE PLAINS, NY 10650

FOR: GAS STATION SERVICES, IN CLASS
37 (U.S. CLS. 100, 103 AND 106).
FIRST USE 3–9–1996; IN COMMERCE
3–9–1996.
THE DRAWING IS LINED FOR THE COLOR
RED. THE STIPPLING IS FOR SHADING PUR-
POSES.

THE MARK CONSISTS OF THE CONFIGU-
RATION OF A RED AND BLACK GASOLINE
PUMP. THE DOTTED LINES REPRESENT THE
POSITIONING OF THE GAS DISPENSING
UNIT, THE HOSE, AND THE HOSE HANDLE
AND ARE NOT PART OF THE MARK.

SER. NO. 75–422,784, FILED 1–26–1998.

KENNETH D. BATTLE, EXAMINING ATTOR-
NEY

**EXHIBIT 8**

Int. Cl.: 37

Prior U.S. Cls.: 100, 103 and 106

**United States Patent and Trademark Office**

Reg. No. 2,264,612
Registered July 27, 1999

## SERVICE MARK
### PRINCIPAL REGISTER



TEXACO INC. (DELAWARE CORPORATION)
2000 WESTCHESTER AVENUE
WHITE PLAINS, NY 10650

FOR: AUTOMOBILE SERVICE, STATION SERVICES; AUTOMOTIVE MAINTENANCE AND REPAIR SERVICES; AUTOMOTIVE LUBRICATION AND OIL CHANGE SERVICES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 3–9–1996; IN COMMERCE 3–9–1996.

OWNER OF U.S. REG. NOS. 1,222,305, 1,315,019 AND OTHERS.

THE MARK IS LINED FOR THE COLORS RED, SILVER AND DARK GRAY. THE STIPPLING IS FOR SHADING PURPOSES.

THE MARK CONSISTS OF THE CONFIGURATION OF A BUILDING WITH A RED AND BLACK FASCIA AND A T-STAR IN A CIRCLE THEREON. THE REMAINDER OF THE BUILDING PAINTED SILVER AND GRAY. THE DOTTED OUTLINES OF THE DOORS AND SIDE OF THE BUILDING IS NOT PART OF THE MARK BUT MERELY INTENDED TO SHOW THE POSITION OF THE MARK.

SER. NO. 75–466,685, FILED 4–13–1998.

DOMINICK J. SALEMI, EXAMINING ATTORNEY

EXHIBIT 9