UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), | No.  C __-_____ WDB |
| v. | **CASE MANAGEMENT AND PRETRIAL ORDER** |
| Defendant(s). | **(Court trial)** |
| _____/ | |

Pursuant to Fed. R. Civ. P. 16 and Civ. L. R. 16-15(c), the following case management and pretrial order is entered:

1.   <u>TRIAL DATE</u>

    a.   Court trial shall begin on _____ at 10:00 a.m. in Courtroom 4, Third Floor, 1301 Clay Street, Oakland, California.

    b.   The length of the trial will be not more than _____ days.

2.   <u>DISCOVERY</u>

    a.   Experts shall be disclosed by _____ (plaintiff); _____ (defendant).

    b.   All discovery from experts shall be completed by _____ (plaintiff); _____ (defendant).

    c.   All non-expert discovery shall be completed by _____.

1         d.    Counsel shall contact the undersigned Magistrate Judge jointly by telephone

2    before filing any discovery motions.

3        3.   <u>MOTIONS</u>

4         All dispositive motions shall be served and filed not less than **thirty-five (35)** days prior

5    to the scheduled hearing date of _____.  Any opposition shall be served and filed no

6    later than **twenty-one (21)** days prior to the hearing date.  Any reply to the opposition shall be

7    served and filed no later than **fourteen (14)** days prior to the date of the hearing.

8        4.   <u>SETTLEMENT CONFERENCE</u>

9         A settlement conference shall be scheduled before another Magistrate Judge of this court.

10   Counsel will be contacted by that judge's chambers with a date and time for the conference

11   during _____, or as soon thereafter as is convenient to the judge's calendar.

12       5.   <u>PRETRIAL CONFERENCE</u>

13        a.    A  final  pretrial  conference  shall  be  held  on  _____  at

14   _____ in Courtroom 4, 3rd Floor.  The conference shall be attended by lead trial

15   counsel for each party.  The conference may be held telephonically if the parties desire.  The

16   parties must notify the court by 4:00 p.m. the day before that the conference will be held

17   telephonically.  Plaintiff shall initiate the conference call and then call chambers at (510) 637-

18   3326.

19        b.    **Not less than thirty (30) days** prior to the date of the pretrial conference,

20   all counsel and/or parties shall meet and fulfill the requirements of Civil Local Rule 16-15(a).

21        c.    **Not less than twenty (20) days** prior to the pretrial conference, counsel

22   and/or parties shall:

23           (i)   serve and file pretrial statements pursuant to Local Rule 16-15(b);

24           (ii)  serve  and  file  trial  briefs,  motions  <u>in  limine</u>,  statements  designating

25               excerpts from discovery that will be offered at trial (specifying the witness

26               and  page  and  line  references),  and  proposed  findings  of  fact  and

27               conclusions of law;

28

1          (iii)  serve and file a numerical list of each party's exhibits, including a brief

2                  statement describing the substance of each exhibit;

3          (iv)  serve and file an exhibit setting forth the qualifications and experience of

4                  each expert witness;

5          (v)  exchange all exhibits, which shall be <u>premarked</u> and <u>tabbed</u>, plaintiff using

6                  a "P" suffix and defendant a "D" suffix on all exhibit numbers; and

7          (vi)  deliver <u>three</u> sets of all premarked exhibits to chambers (exhibits are not

8                  to be filed).

9      No party shall be permitted to call any witness or offer any exhibit in its case in chief that

10     is not disclosed in its pretrial statement without leave of court and for good cause shown.

11         d.    **Not less than ten (10) days** prior to the pretrial conference, counsel and/or

12     parties shall serve and file:  1) any objections to witnesses or exhibits, 2) any objections to the

13     qualifications of expert witnesses, and 3) any oppositions to motions <u>in</u> <u>limine</u>.

14         e.    All motions <u>in</u> <u>limine</u> and objections shall be heard at the pretrial

15     conference.

16         6.    All documents filed with the Clerk of the Court shall list the civil case number

17     followed only by the initials **"WDB."**  One copy must be clearly marked as a **<u>chambers</u>** copy.

18     IT IS SO ORDERED.

19

20     Dated:  October 23, 1998

21                                               WAYNE D. BRAZIL

22     Copies mailed to:                          United States Magistrate Judge

          All parties

23               WDB, Stats

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## STANDING ORDER
## OF U.S. MAGISTRATE JUDGE WAYNE D. BRAZIL
## REGARDING
## REQUESTS TO MODIFY CONDITIONS OF RELEASE
## AND REQUESTS FOR TRAVEL ORDERS

The court will no longer consider any request to modify release conditions or for a travel order on behalf of a defendant in a criminal matter unless the request includes a statement attesting that defendant's counsel has given prior notice of the request to both the Assistant U.S. Attorney handling the prosecution and the Pretrial Services officer assigned to the defendant. The request also must include a statement apprising the court of the prosecutor's and the Pretrial Services officer's responses to the request. Any requests submitted to the undersigned without these required statements will be returned to defendant's counsel without consideration by the court.

IT IS SO ORDERED.

Dated: April 12, 2001


WAYNE D. BRAZIL
United States Magistrate Judge

N:\standing2.frm

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


Plaintiff(s),                          No. C __-_____ WDB

    v.                                      **PRETRIAL ORDER**

                                   **(Jury Trial)**

      Defendant(s).
_____/

On _____, the court held a case management conference in the above-captioned case. For reasons set forth on the record, the court hereby ORDERS the following:

1. The jury trial shall begin on _____, at ____**a.m.**, in Courtroom 4, Third Floor, United States Courthouse, 1301 Clay Street, Oakland, California.

2. By no later than _____ at ____, the court will hold a hearing on any dispositive motions.

3. On _____ at ____, the court will hold the final pretrial conference. Lead trial counsel for each party must participate in the conference. The conference may be held telephonically if the parties desire, in which case plaintiff must notify the court by 4:00 p.m. the day before the conference. Plaintiff must initiate a conference call at the time noticed and call the court at (510) 637-3326 when all parties are on the line.

1

**DISCOVERY**

4. Plaintiffs must disclose their experts by _____. Defendants must disclose their experts by _____.

5. All discovery from experts must be completed by _____.

6. The discovery cut-off date for non-expert discovery is _____. Discovery cut-off date is defined in Civil Local Rule 26-2. No motions to compel discovery may be filed later than 10 days after the discovery cut-off date.

**MEET AND CONFER**

7. Not less than **30 days** prior to the date of the Final Pretrial Conference, the parties must meet and take all steps necessary to fulfill the requirements of this order.

**WITNESSES AND DEPOSITION TESTIMONY**

8. No less than **15 court days** before the final pretrial conference, each party must file, serve, and separately lodge with chambers a list of witnesses it intends to call on direct examination, in the order that the party expects to call them, with a brief description of the subject areas upon which each witness will testify, a description of the significance (in terms of factual propositions and/or legal theories) of the expected testimony, and an estimate of the time that direct examination will consume. Each party also must file and serve, with its witness list, excerpts from the deposition testimony of witnesses not testifying in person that may be presented at trial, specifically reproducing the pages and marking the lines of the relevant transcript excerpts. Two copies of the witness list and deposition excerpts must be lodged directly with chambers. (Full deposition volumes should not be lodged with the court.)

9. The parties will be precluded from offering substantive evidence (i.e., evidence offered for any purpose other than impeachment) by live testimony through any person not listed on the witness list or by deposition testimony not included in the submitted excerpts, and will be precluded from supplementing the witness list or the deposition

2

excerpts after the deadline set herein for exchanging this material, except upon the express permission of the court. The court will permit the testimony of persons not designated in the witness list or the use of deposition excerpts not timely disclosed <u>only</u> upon a <u>substantial</u> showing that: (a) no party will be prejudiced or suffer undue hardship, (b) the failure to timely designate the witness or testimony was clearly justified, and (c) the interests of justice otherwise warrant permitting the testimony.

10. Counsel ordinarily will be permitted at trial to present foundational matter and factual evidence describing the educational and employment background of witnesses in summary, leading form.

## **EXHIBITS**

11. No less than **15 court days** before the final pretrial conference, counsel must **exchange** all exhibits (premarked), including demonstrative exhibits, that they intend to use as part of their case-in-chief at trial.

12. Except for purposes of impeachment, the parties will be precluded from offering in evidence, using as demonstrative evidence, or examining any of their witnesses concerning any exhibit not exchanged by this deadline, except upon the express permission of the court. The court will permit supplementation of exhibits after the exchange date <u>only</u> upon a <u>substantial</u> showing that: (a) no party will be prejudiced or suffer undue hardship, (b) the failure to timely designate the exhibit was clearly justified, and (c) the interests of justice otherwise warrant the supplemental designation.

13. The court has attached to this Order the form of exhibit labels to be used by each side. Each side should label their exhibits prior to trial. Plaintiffs must label their exhibits numerically as follows: "_____,[insert initials -1, -2, etc] ...." Defendants must label their exhibits numerically as follows: "_____, ....[insert initials -1, -2, etc]" Counsel must not write in the space provided for "date entered" or "signature." The court has also attached to this Order an example of an "Exhibit List." Each party must create an Exhibit List that is substantially similar to the attached form and, prior to trial, must

1   list the number of each exhibit the party intends to offer at trial and briefly describe each

2   such exhibit.

3      14. No less than **2 court days** before the start of **trial**, each party must deliver to

4   chambers, in looseleaf binders, a sufficient number of complete sets of all documentary

5   exhibits to ensure that the judge, his law clerk, and each juror will have their own set of

6   documentary exhibits during trial. These sets are in addition to exhibits counsel will

7   officially submit to the courtroom deputy at trial and any copies of exhibits counsel will

8   want to show witnesses on the stand. All exhibits must be premarked for identification

9   according to the system set forth herein.

10

11                                       **<u>EVIDENTIARY MOTIONS</u>**

12      15. No less than **12 court days** before the final pretrial conference, counsel must

13   meet and confer to resolve any objections to the use of witnesses, deposition excerpts,

14   and/or exhibits.

15      16. The court will entertain foundational objections as to any document only if (1)

16   the document is of real significance in adjudicating the merits of the case and (2)

17   objecting counsel articulates a principled basis for believing that the document is not what

18   it purports to be.

19      17. If, **after meeting and conferring**, a party continues to object to the admission

20   of evidence on either of the following foundational grounds: (1) the authenticity of a

21   document or exhibit, or (2) the qualifications of expert witnesses, the objecting party may

22   file a motion to exclude the evidence, along with any other motions <u>in limine</u>.

23      18. All motions <u>in limine</u>, including those referred to in paragraph **[paragraph**

24   **number preceding this one]**, must be filed, served and lodged separately with chambers

25   no less than **10 court days** before the final pretrial conference. Failure to file a timely

26   objection may waive a party's right to challenge the admissibility of evidence at trial.

27

28

1   19. No less than **5 court days** before the final pretrial conference, oppositions to

2   evidentiary motions must be filed, served, and separately lodged with chambers.  There

3   will be no replies.

4

5   ## VOIR DIRE

6   20. Counsel must meet to prepare a **joint** set of voir dire questions.

7   21. No less than **10 court days** before the final pretrial conference, the parties

8   must file **jointly** a set of voir dire questions they would propose the court to ask.  (Note:

9   The court has attached to this order a short list of basic questions which the court will ask

10  the potential jurors in open court.)  The parties also must deliver a copy of the proposed

11  voir dire questions directly to chambers.  The parties also must describe any request to

12  conduct limited voir dire by counsel, setting forth each proposed question and justifying

13  why the question should be asked by counsel rather than the court.

14  22. Proposed voir dire questions about which the parties cannot agree also must be

15  set forth in the parties' **joint** submission.  In the parties' **joint** submission, (1) the

16  proponent of the question must set forth succinctly the basis for his or her request that the

17  question be asked, with citation to authority, and immediately thereafter, (2) the party

18  opposing use of the question must set forth succinctly the basis for his or her opposition,

19  with citation to authority.

20

21  ## JURY INSTRUCTIONS

22  23. Counsel must meet to prepare a **joint** set of case-specific jury instructions.

23  24. No later than **15 court days** before the final pretrial conference, the parties

24  must file their **joint** set of proposed **case-specific** jury instructions.  The parties also must

25  deliver two copies of the proposed jury instructions directly to chambers.  The parties

26  must not submit generic instructions; the court uses the instructions approved by the

27  Ninth Circuit for these purposes.

28

5

1    25. Proposed jury instructions about which the parties cannot agree also must be

2    set forth in the parties' **joint** submission. In the parties' **joint** submission, (1) the

3    proponent of the instruction must set forth succinctly the basis for his or her request that

4    the instruction be given, with citation to authority, and immediately thereafter, (2) the

5    party opposing use of the instruction must set forth succinctly the basis for his or her

6    opposition, with citation to authority.

7

8                            **JOINT PRETRIAL STATEMENTS**

9    26. Counsel must meet to prepare a **joint** pretrial statement. The parties must file

10    the **joint** pretrial statement no later than **15 court days** before the final pretrial

11    conference. Counsel also must deliver two copies of the statement directly to chambers.

12    The joint pretrial statement must contain the following information:

13         a.    a succinct chronological description of the alleged events and circumstances

14               out of which the parties' claims and defenses arise;

15         b.    a brief description of the substance of claims and defenses that remain to be

16               decided, citing the primary sources of legal authority for each such claim or

17               defense;

18         c.    a statement of the relief requested, itemizing the elements of damages

19               claimed;

20         d.    a statement of any stipulations proposed for pretrial and trial purposes.

21

22                            **PRESENTATION TIME LIMITS**

23    27. Counsel are advised that at the final pretrial conference the court <u>will</u> impose

24    time limitations on each side's presentation at trial. Usually, the court imposes "over-all"

25    limits on each side (e.g., 12 hours each), meaning that each party may use the allotted

26    time in whatever manner the party chooses, *e.g.,* making an opening statement,

27    conducting direct and cross-examination, entering documents, performing

28    demonstrations, making closing argument, etc. Accordingly, counsel must attempt to

6

generate a joint proposal with respect to what amount of time will be necessary to present
this case, and must be prepared to justify their proposal(s) at the final pretrial conference.

### SETTLEMENT

28.  The court strongly suggests that the parties continue discussing settlement of
the case, exploring in good faith all reasonable settlement options.  If the parties are
interested, the undersigned will refer the case to an administrator who will seek to
identify a mediator or a settlement judge who would be available to facilitate
negotiations.

IT IS SO ORDERED.


DATED: _____                      _____
                                          Wayne D. Brazil
                                          United States Magistrate Judge

Copies to:
        All parties
        WDB, Stats

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**U.S. MAGISTRATE JUDGE WAYNE D. BRAZIL**

**SETTLEMENT CONFERENCE STANDING ORDER**

**I.   Scheduling**

    A.   Settlement conferences hosted by Judge Brazil usually are held on Monday, Tuesday, or Thursday afternoons beginning at either 1:00 p.m. or 2:00 p.m.   Participants are to appear in Courtroom 4 on the third floor of the United States Courthouse at 1301 Clay Street in Oakland, CA.

    B.   To schedule a settlement conference, or to ask to move a settlement conference already scheduled, counsel are to contact Judge Brazil's Administrative Law Clerk by phone at (510) 637-3324.

**II.   Counsel Must Meet and Confer, In Person or by Phone, Before Preparing Their Written Settlement Conference Statements.**

No fewer than <u>ten court days before the settlement conference</u>, counsel for the anticipated participants must meet and confer (in person or voice to voice) to discuss matters pertinent to improving the prospects that the settlement negotiations will be productive.   In these discussions counsel may address any subjects they feel are appropriate – but they <u>must discuss</u> the following:

    A.   Who will attend the conference on behalf of each party, identifying the lawyer and the client representative, as well as any other persons.

    B.   Which persons or entities must approve a proposed settlement agreement before it can be executed; the nature and duration of that approval process; the standards or criteria generally applied in it; and any

1

1            foreseeable barriers to approval or special concerns that the approving
2            authority might want addressed.

C.     Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; whether any insurer will have a representative at the settlement conference and, if so, the name of and position held by each such representative.

D.     Whether it would be useful for settlement demands and/or offers to be made before the settlement conference is convened; and whether the parties might want to consider "structured settlements" and, if so, whether experts in structuring settlements should develop proposals in advance and/or attend the conference.

E.     Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

F.     Whether one or more of the parties will ask that the negotiations include any non-monetary items and/or trades or payments in kind; if so, what any such non-monetary items would be (e.g., reinstatement of employment, a job-reassignment or promotion, retirement status or benefits, other fringe benefits, a letter of recommendation, an apology, a joint venture, a buy-out, a licensing agreement, providing products at no cost or discounts, a press release, etc.).

G.     Any unusual issues or factors that could come into play in the settlement negotiations or any especially sensitive matters that other counsel should be alerted to before the settlement conference.

///
///
///

2

**III.** **Confidential Written Settlement Conference Statements.**

A.  Unless otherwise ordered, **no fewer than seven (7) court days before the settlement conference** each party must deliver to the office of the Clerk of the Court in Oakland (4th Floor, 1301 Clay Street) a **Confidential Settlement Conference Statement** that addresses all matters listed in subparagraph C., below. **The caption must instruct the Clerk to lodge but not file the Statement.**

*Failure to timely submit a settlement conference statement may result in sanctions.*

B.  Parties are **not required to serve** other parties with copies of their Confidential Settlement Conference Statement.

C.  The **Confidential Settlement Conference Statement,** which may not exceed fifteen (15) pages of text and fifteen (15) pages of exhibits, **must include** the following:

(i)   a brief chronological statement of the facts of the case;

(ii)  a brief statement of the <u>principal</u> claims and defenses;

(iii) a description of the <u>major</u> factual and legal issues that are in dispute;

(iv)  separately for each principal claim and defense, a forthright evaluation of the likelihood that the party submitting the Statement will prevail;

(v)   the bases for any damages calculations, and a description of any non-monetary relief sought or non-monetary components of settlement offers or demands;

(vi)  a summary of the proceedings to date and a description of any pending motions;

(vii) an estimate of the expenses and fees that are likely to be incurred in completing discovery, pretrial, and trial;

3

1        (viii)  a history of past settlement negotiations (without revealing

2               communications whose disclosure to a settlement judge is

3               prohibited), a description of the principal obstacles (factual, legal,

4               or other) to reaching agreement, and the reasons the parties'

5               assessments of the case's settlement value differ;

6        (ix)   each component of each party's most recently communicated

7               settlement demand or offer (describing specifically any non-

8               monetary terms that were demanded or offered);

9        (x)    a settlement figure or terms that, given all the circumstances, is

10             realistic and that the party submitting the Statement would consider

11             seriously; and

12       (xi)   a brief discussion of any of the subjects identified in Section II of

13            this Order that might be significant in the settlement dynamic.

14

15 **IV.**   **Required Attendance at Settlement Conferences**.

16     A.   Lead trial counsel must appear at the Settlement Conference with the

17         parties and with the person or persons having full authority to negotiate

18         and to settle the case.

19     B.   In all cases where an insurance company's agreement would be necessary

20         to achieve a settlement, the carrier's claims representative, with **full**

21         **authority** to negotiate up to the limits of coverage, also must attend the

22         Settlement Conference.

23     C.   When a party's final authority to agree to terms of settlement is vested in

24         a governing body, at least **seven (7) court days** before the conference

25         counsel for that party must communicate in writing to Magistrate Judge

26         Brazil and to counsel for other parties how (through whom) the governing

27         body will appear. In addition, counsel must describe the procedure that

28         would be followed in securing that body's consideration of proposed

        settlement terms.

D.  A person **seeking to be excused from appearing in person** at a settlement conference must deliver, **no fewer than seven (7) court days before the conference**, a letter to the Magistrate Judge, simultaneously delivering copies to all counsel.  The letter must:

    (I) explain in detail why attendance in person would impose an extraordinary or otherwise unjustifiable hardship;

    (ii) explain why the fact that the person would not attend in person would have no adverse impact on the parties' and the court's ability to pursue and achieve the purposes of a settlement conference;

    (iii) state realistically the amount in controversy in the case;

    (iv) indicate whether the other parties oppose or do not oppose the request; and

    (v) be accompanied by a proposed order.

E.  Within two (2) court days of receiving a copy of another person's request to be excused from attending a settlement conference in person, a party who opposes the request must deliver (by fax or otherwise) simultaneously to all other parties and to Magistrate Judge Brazil a writing that details the grounds for the objection.   Judge Brazil's fax number is 510-637-3327.

F.  **A party who is excused from appearing in person <u>must</u>** be available to **participate by telephone** <u>throughout the conference</u>.  *Failure to be available for participation by phone for the full duration of the conference may result in imposition of sanctions.*

## V.  <u>Requests for Continuances</u>.

A.  Any request to continue a settlement conference must be submitted in writing at least seven (7) court days in advance and only after consultation with all other parties.  The request must indicate whether it is joined or opposed by the other parties.

B.    If the date to which a continuance is sought would be past a deadline for holding the settlement conference that was set by the judge to whom the case is assigned for trial, the party seeking the continuance must secure permission from that judge to hold the settlement conference during the proposed new time frame before seeking the continuance from Magistrate Judge Brazil.  A writing evidencing the assigned judge's extension of the deadline must accompany the party's request to Judge Brazil for the continuance.

## VI.    Notification that Case Terminated Before Settlement Conference.

The parties must notify Judge Brazil's administrative law clerk immediately if they settle their case or it is otherwise terminated before the date set for the settlement conference.

IT IS SO ORDERED.

Dated:    September 15, 2003            /s/  Wayne D. Brazil
                                        WAYNE D. BRAZIL
                                        United States Magistrate Judge

1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT

8    NORTHERN DISTRICT OF CALIFORNIA

9

10    **STANDING ORDER**

11    **U.S. MAGISTRATE JUDGE WAYNE D. BRAZIL**

12

13    <u>**Criminal Matters**</u>

14

15    1.    Subject to published Notices of Unavailability,[1] **the master criminal calendar**

16    for Oakland venued cases is held Monday through Friday, beginning at **10:00 a.m.**, in

17    Courtroom 4, Third Floor, United States Courthouse, 1301 Clay Street, Oakland,

18    California.

19

20    2.    **Requests to add matters to or continue matters on the criminal calendar**

21    must be directed to Magistrate Judge Brazil's **Courtroom Deputy, Ivy Garcia, at**

22    **(510) 637-3639**.

23        The court will try to accommodate reasonable "last minute" requests to add

24    matters to the 10:00 a.m. criminal calendar. The court requests, however, that counsel,

25    the probation officer, or the pretrial services officer bring to court at least two extra

26    _____

27        [1]Notices of Unavailability are posted in the clerk's office and published in the Recorder, the Daily

28    Journal, and on the Court's internet site at http://www.cand.uscourts.gov.

1

1  copies of any pertinent documents so that the parties and the judge will have the
2  information needed for the proceeding.
3      The clerk's office requires **24 hours notice** for all matters requiring an
4  **interpreter**.
5
6  3.    Subject to published Notices of Unavailability, Magistrate Judge Brazil usually
7  is available Monday through Friday after the master criminal calendar -- typically,
8  about 11:15 a.m. -- **to review proposed criminal complaints or applications for**
9  **warrants**.  Attorneys or agents who cannot present their papers at this time must call
10 Ms. Garcia, in advance, at (510) 637-3639, to determine when the Magistrate Judge
11 will be available to consider their requests.
12
13
14                    **Civil Matters**
15
16 4.    **Civil matters may be placed on the Magistrate Judge's calendar only by his**
17 **administrative law clerk, who can be reached at (510) 637-3324.**  Before noticing
18 any matter on the Magistrate Judge's calendar, parties must reserve a specific date and
19 time with the administrative law clerk.  In most instances, civil law and motion matters
20 are heard on Wednesday afternoons.  Unless otherwise ordered in a particular matter,
21 motion practice is governed by the Civil Local Rules, which are available from the
22 Clerk's Office and on the court's internet site at: http://www.cand.uscourts.gov.
23
24 5.    Except as noted in paragraph 6, below, **discovery disputes** will be handled
25 according to the provisions of the Civil Local Rules.  Specific questions about
26 situations not addressed by the Local Rules may be directed to the administrative law
27 clerk at (510) 637-3324.
28
                         2

6.    **If a dispute arises during a discovery event** the parties must attempt to resolve the matter without judicial intervention by conferring in good faith.  If good faith negotiations between the parties fail to resolve the matter, and if disposition of the dispute during the discovery event likely would result in substantial savings of expense or time, counsel or a party may call the administrative law clerk at (510) 637-3324 to determine whether Magistrate Judge Brazil is available to address the problem through a telephone conference during the discovery event.

7.    After the <u>initial</u> case management conference, parties usually **may elect to appear by phone** at hearings or conferences in civil matters that do not involve the taking of evidence or settlement negotiations.  A party who wishes to appear by phone must secure permission in advance from Judge Brazil's administrative law clerk.  If more than one party will appear by phone, the clerk will designate the party whose counsel must initiate the conference call, get all parties on the line, then call the court's **conference line at (510) 637-3326** at the time noticed for the appearance.

8.    All filings related to civil motions <u>referred</u> to Magistrate Judge Brazil (i.e., motions in cases assigned for trial to another judge) must **set forth in the caption** or prominently at the beginning of the filing the **civil case number and the District Judge's initials followed by the designation "(WDB)"**.

9.    When **motions** have been **referred** to Judge Brazil **by a District Judge who sits in San Francisco** the parties must file the original and a chambers copy of pertinent documents in the Clerk's Office in San Francisco but also **must deliver an additional copy directly to the Clerk's Office in Oakland for Judge Brazil.**  See Civil Local Rule 5-1(b).

10.    **In all "E-Filing" cases:** when filing papers in connection with any motion for determination by the judge, if the length of the motion (or opposition) and supporting

1  documents exceeds ten pages, the parties must, in addition to filing papers
2  electronically, lodge with chambers a printed copy of the papers by the close of the
3  next court day following the day the papers are filed electronically. These printed
4  copies must be marked "Chambers Copy" and must be submitted to the Clerk's Office,
5  in an envelope clearly marked with the judge's name, case number and "E-Filing
6  Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's
7  Office that has already been filed electronically.

8

9  11.    Motions for **summary judgment** must be accompanied by a statement of the
10  material facts not in dispute, supported by citations to admissible evidence. The parties
11  must file a joint statement of undisputed facts where possible. If the parties are unable
12  to reach complete agreement after meeting and conferring, they must file a joint
13  statement of the undisputed facts about which they do agree. Any party may then file
14  a separate statement of the additional material facts that the party contends are not
15  subject to genuine dispute.

16

17  12.    **Unless specifically requested, the court does not provide a court reporter for**
18  **most pre-trial proceedings**. The court records the proceedings on audiotape, a copy
19  of which may be obtained by submitting a request to the clerk's office, accompanied
20  by a check for $26.00 payable to the District Court. Each such request must include
21  the title and number of the case, as well as the date and time of the proceeding for
22  which a copy of the tape is requested.

23      **A party who wishes to have a court reporter present for a pretrial**
24  **proceeding in a civil matter must notify Judge Brazil's administrative law clerk**
25  **(at 510-637-3324) at least two weeks before the date set for the proceeding.**

26

27  13.    Parties are reminded that most procedural questions are answered in the Federal
28  Rules of Civil Procedure, the Local Rules, or this Standing Order. Parties should not
   contact Chambers for answers to procedural questions without first carefully examining

4

1   the **current** provisions of these authorities.    Current versions of the Local Rules and

2   this   Standing   Order   are   published   on   the   Court's   internet   site   --

3   http://www.cand.uscourts.gov.

4

5                                  **Settlement Conferences**

6   14.   Scheduling:

7         A.    Settlement conferences hosted by Judge Brazil usually are held on

8               Monday, Tuesday, or Thursday afternoons beginning at either 1:00 p.m.

9               or 2:00 p.m.   Participants are to appear in Courtroom 4 on the third floor

10              of the United States Courthouse at 1301 Clay Street in Oakland, CA.

11        B.    To schedule a settlement conference, or to ask to move a settlement

12              conference already scheduled, counsel are to contact Judge Brazil's

13              Administrative Law Clerk by phone at (510) 637-3324.

14

15  15.   Counsel Must Meet and Confer, In Person or by Phone, Before Preparing Their

16        Written Settlement Conference Statements.

17        No fewer than ten court days before the settlement conference, counsel for the

18  anticipated participants must meet and confer (in person or voice to voice) to discuss

19  matters pertinent to improving the prospects that the settlement negotiations will be

20  productive.   In these discussions counsel may address any subjects they feel are

21  appropriate – but they must discuss the following:

22        A.    Who will attend the conference on behalf of each party, identifying the

23              lawyer and the client representative, as well as any other persons.

24        B.    Which persons or entities must approve a proposed settlement agreement

25              before it can be executed; the nature and duration of that approval

26              process; the standards or criteria generally applied in it; and any

27              foreseeable barriers to approval or special concerns that the approving

28              authority might want addressed.

C.    Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; whether any insurer will have a representative at the settlement conference and, if so, the name of and position held by each such representative.

D.    Whether it would be useful for settlement demands and/or offers to be made before the settlement conference is convened; and whether the parties might want to consider "structured settlements" and, if so, whether experts in structuring settlements should develop proposals in advance and/or attend the conference.

E.    Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

F.    Whether one or more of the parties will ask that the negotiations include any non-monetary items and/or trades or payments in kind; if so, what any such non-monetary items would be (e.g., reinstatement of employment, a job-reassignment or promotion, retirement status or benefits, other fringe benefits, a letter of recommendation, an apology, a joint venture, a buy-out, a licensing agreement, providing products at no cost or discounts, a press release, etc.).

G.    Any unusual issues or factors that could come into play in the settlement negotiations or any especially sensitive matters that other counsel should be alerted to before the settlement conference.

16.    Confidential Written Settlement Conference Statements:

A.    Unless otherwise ordered, **no fewer than seven (7) court days before the settlement conference** each party must deliver to the office of the Clerk of the Court in Oakland (4th Floor, 1301 Clay Street) a **Confidential Settlement Conference Statement** that addresses all matters listed in

6

subparagraph C., below. **The caption must instruct the Clerk to lodge but not file the Statement.**

***Failure to timely submit a settlement conference statement may result in sanctions.***

B.  Parties are **not required to serve** other parties with copies of their Confidential Settlement Conference Statement.

C.  The **Confidential Settlement Conference Statement,** which may not exceed fifteen (15) pages of text and fifteen (15) pages of exhibits, **must include** the following:

(I)   a brief chronological statement of the facts of the case;

(ii)  a brief statement of the principal claims and defenses;

(iii) a description of the major factual and legal issues that are in dispute;

(iv)  separately for each principal claim and defense, a forthright evaluation of the likelihood that the party submitting the Statement will prevail;

(v)   the bases for any damages calculations, and a description of any non-monetary relief sought or non-monetary components of settlement offers or demands;

(vi)  a summary of the proceedings to date and a description of any pending motions;

(vii) an estimate of the expenses and fees that are likely to be incurred in completing discovery, pretrial, and trial;

(viii) a history of past settlement negotiations (without revealing communications whose disclosure to a settlement judge is prohibited), a description of the principal obstacles (factual, legal, or other) to reaching agreement, and the reasons the parties' assessments of the case's settlement value differ;

(ix)   each component of each party's most recently communicated settlement demand or offer (describing specifically any non-monetary terms that were demanded or offered);

(x)    a settlement figure or terms that, given all the circumstances, is realistic and that the party submitting the Statement would consider seriously; and

(xi)   a brief discussion of any of the subjects identified in Section II of this Order that might be significant in the settlement dynamic.

17.  Required Attendance at Settlement Conferences:

A.  <u>Lead trial counsel</u> must appear at the Settlement Conference with the <u>parties</u> <u>and</u> with the person or <u>persons having full authority to negotiate and to settle the case</u>.

B.  In all cases where an insurance company's agreement would be necessary to achieve a settlement, the <u>carrier's claims representative</u>, with **full authority** to negotiate up to the limits of coverage, also must attend the Settlement Conference.

C.  When a party's final authority to agree to terms of settlement is vested in a <u>governing body</u>, at least **seven (7) court days** before the conference counsel for that party must communicate in writing to Magistrate Judge Brazil and to counsel for other parties <u>how (through whom) the governing body will appear</u>. In addition, counsel must describe the procedure that would be followed in securing that body's consideration of proposed settlement terms.

D.  A person **seeking to be excused from appearing in person** at a settlement conference must deliver, **no fewer than seven (7) court days before the conference**, a letter to the Magistrate Judge, simultaneously delivering copies to all counsel. The letter must:

8

1  (I) explain in detail why attendance in person would impose an
2  extraordinary or otherwise unjustifiable hardship;
3  (ii) explain why the fact that the person would not attend in person
4  would have no adverse impact on the parties' and the court's ability
5  to pursue and achieve the purposes of a settlement conference;
6  (iii) state realistically the amount in controversy in the case;
7  (iv) indicate whether the other parties oppose or do not oppose the
8  request; and
9  (v) be accompanied by a proposed order.
10  E.  Within two (2) court days of receiving a copy of another person's request
11  to be excused from attending a settlement conference in person, a party
12  who opposes the request must deliver (by fax or otherwise)
13  simultaneously to all other parties and to Magistrate Judge Brazil a
14  writing that details the grounds for the objection.   Judge Brazil's fax
15  number is 510-637-3327.
16  F.  **A party who is excused from appearing in person <u>must</u>** be available
17  to **participate by telephone** <u>throughout the conference</u>. *Failure to be*
18  *available for participation by phone for the full duration of the*
19  *conference  may result in imposition of sanctions.*
20
21  18.  Requests for Continuances:
22  A.  Any request to continue a settlement conference must be submitted in
23  writing at least seven (7) court days in advance and only after consultation
24  with all other parties. The request  must indicate whether it is joined or
25  opposed by the other parties.
26  B.  If the date to which a continuance is sought would be past a deadline for
27  holding the settlement conference that was set by the judge to whom the
28  case is assigned for trial, the party seeking the continuance must secure
permission from that judge to hold the settlement conference during the

9

1    proposed new time frame <u>before seeking the continuance from Magistrate</u>

2    <u>Judge Brazil</u>.  A writing evidencing the assigned judge's extension of the

3    deadline must accompany the party's request to Judge Brazil for the

4    continuance.

5

6    19.    Notification that Case Terminated Before Settlement Conference.

7          The parties must notify Judge Brazil's administrative law clerk immediately if

8    they settle their case or it is otherwise terminated before the date set for the settlement

9    conference.

10   IT IS SO ORDERED.

11

     Dated:  November 10, 2003                    /s/  Wayne D. Brazil
12                                                WAYNE D. BRAZIL
                                                  United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORDER OF THE CHIEF JUDGE

IN RE: ELECTRONIC FILING IN CASES WITH UNREPRESENTED PARTIES

When the Electronic Case Filing (ECF/e-filing) program was established for civil cases in January 2003 (see generally General Order 45), the court's practice was to exclude from the e-filing program cases in which any party was not represented by an attorney. Pursuant to Part III of General Order 45, the court's ECF webpage provided: "All cases involving pro se parties are excluded from the e-filing program and must be filed entirely in paper, unless otherwise ordered by the court."

Effective immediately, cases with unrepresented party litigants  in which at least one party is represented by an attorney will no longer be excluded from the e-filing program.  All *represented* parties will e-file their submissions to the court on the same basis as in cases not involving pro se litigants and in compliance with all parts of General Order 45.  *Represented* parties will be required to serve paper copies by mail on *unrepresented* parties only.  As before, unrepresented litigants will continue to file and serve all submissions to the court in paper form unless prior leave is obtained from the assigned judge in a particular case.

IT IS SO ORDERED.

Date:  May 11, 2007

Vaughn R Walker
United States District Chief Judge

*left margin:* United States District Court  For the Northern District of California

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

            ,                                          No. C

          Plaintiff(s),                    **DECLINATION TO PROCEED BEFORE
                                                          A MAGISTRATE JUDGE**
     v.                                                          **AND**
                                                          **REQUEST FOR REASSIGNMENT TO A
                                                          UNITED STATES DISTRICT JUDGE**
           ,

         Defendant(s).

_____/

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

    The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.


Dated: _____          Signature_____

                                                          Counsel for _____
                                                          (Plaintiff, Defendant, or indicate "pro se")

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

,

        Plaintiff(s),

    v.

,

        Defendant(s).

_____/

No.  C

**CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE**

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

_____
Signature

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

1

2

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

3

4

5

# NOTICE OF ASSIGNMENT OF CASE
## TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

6

7          Pursuant to General Order 44, the Assignment Plan of the United States District Court

8    for the Northern District of California, this case has been randomly assigned to Magistrate Judge

9    _____.

10          Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate

11    judge may conduct all proceedings in the case. Attached is a form to complete if you consent to

12    proceed before the assigned magistrate judge and a form to complete if you decline to proceed

13    before the assigned magistrate judge. Electronic versions of both forms are also available at the

14    Court's Internet site:  http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to

15    withhold consent without adverse consequences. If a party declines to consent, the case will be

16    randomly reassigned to a district judge and a case management conference will be scheduled on

17    the district judge's calendar as close as possible to the date presently scheduled before the

18    magistrate judge.

19          You must file your consent or declination by the deadline for filing the initial case

20    management statement.

21          The plaintiff or removing party shall serve a copy of this notice and all attachments upon

22    all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

23

24

FOR THE COURT
RICHARD W. WIEKING, CLERK

25

26

27

_____

By: Deputy Clerk

28

MagAssnNtc-2-03.wpd